(No. 14851.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM LARDNER, Plaintiff in Error.

*Opinion filed December 19, 1922—Rehearing denied Feb. 8, 1923.*

1. CRIMINAL LAW—*when evidence is sufficient to convict of larceny.* In a prosecution for larceny, testimony of the complaining witness that the defendant was left alone in the room where the stolen articles were hanging, that while she was in the adjoining room she heard a rattling of the hangers on which the articles had been hung, that when she returned the articles had disappeared, that the defendant had removed his coat and was carrying it upon his arm and that the stolen articles were such as could be concealed beneath the coat, will be sufficient to convict the defendant, where the only evidence to contradict such testimony is the denial of the defendant that he committed the crime.

2. SAME—*when refusal to give proper instruction is not error.* A refusal to give, at the request of the defendant, an instruction which properly advises the jury as to the credibility of the witnesses is not error, where the substance of the instruction is contained in other instructions given for him.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

EVERETT JENNINGS, and CHARLES P. R. MACAULAY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and GEORGE C. DIXON, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was found guilty by a jury in the criminal court of Cook county under an indictment charging the larceny of certain dresses of the value of $179. It is contended that the verdict was contrary to the evidence and that the court erred in refusing to give defendant's refused instruction No. 1.

It appears that the complaining witness, Miss Lillie Tredwell, conducts a dress-making establishment in the Stewart building, in the city of Chicago. On June 15, 1921, the plaintiff in error, with a woman calling herself Margaret Campbell, went to the place of business of the complaining witness and represented themselves as husband and wife under the name of Campbell, and gave their address as the Buena Plaza Hotel, at Montrose and Broadway streets, in the city of Chicago. While there they ordered a dress made, and the woman was to return on June 17 for a fitting. They came at that time, and the charge of the complaining witness is that while she, with the Campbell woman, was in the fitting room, two canton crepe dresses and one georgette dress were taken by plaintiff in error out of the case in which sample dresses were hung and put them under his coat, which he carried on his arm when he left the place.

The positive testimony of the complaining witness is that on June 17, while the plaintiff in error and the woman who claimed to be his wife were in her dress-making establishment no one else came in; that the dresses were in the case when they came in; that she looked immediately after they left and found they were gone; that while she was in the back room assisting in the fitting of the dress she heard the rattling of the hangers in the case where the stolen dresses had been hung; that during this time the plaintiff in error was in the front room alone, and that on going into the front office she found that he had taken off his coat and had it over his arm. She testified that the coat appeared bulky, and though she saw no dress material in his possession, she testified that the dresses taken were of a thin, flimsy material that might be rolled into a small bundle and concealed under a coat; that plaintiff in error and the woman with him gave a false address as the place where they were living, and that they did not return to get the dress the woman had ordered or to explain why she did not want it; that plaintiff in error later thrust his head in at the door of her office and stated that his wife was sick and could not come down on that day but would be down the following Monday.

If the jury believed the testimony of the complaining witness that plaintiff in error was alone in the room where these dresses were hanging, that she heard the rattling of the hangers, and on going out into the front room found the plaintiff in error with his coat over his arm, it having the appearance of covering a bulky substance, and that the dresses were gone, they were justified in returning a verdict of guilty in this case. The only dispute of the testimony of the complaining witness is a denial by the plaintiff in error that he took the dresses. The jury were justified in finding the plaintiff in error guilty.

Complaint is also made as to the first refused instruction. This instruction advised the jury concerning the rule

of law that they are judges of the fact and of the credibility of witnesses; that if they believe that any witness or witnesses have knowingly and willfully testified falsely to any material fact or point in the case they "are at liberty, unless corroborated by other credible evidence, to disregard the evidence of such witness or witnesses *in toto.*" This instruction, in substance, was covered by the sixth and tenth given instructions of plaintiff in error.

There is no error in the record, and the judgment will therefore be affirmed.      *Judgment affirmed.*